# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN NEFF, Derivatively on Behalf of IMMUNOMEDICS, INC., <br><br> Plaintiff, <br> v. <br><br> DAVID M. GOLDENBERG, CYNTHIA L. SULLIVAN, ARTHUR S. KIRSCH, BRIAN A. MARKISON, MARY E. PAETZOLD, DON C. STARK, and PETER P. PFREUNDSCHUH, <br><br> Defendants, <br> -and- <br><br> IMMUNOMEDICS, INC., <br><br> Nominal Defendant. | Civil Action No. 1:20-cv-00830-MN |

## STIPULATION AND [PROPOSED] ORDER TO STAY DERIVATIVE ACTION

Plaintiff John Neff, derivatively on behalf of Nominal Defendant Immunomedics, Inc. ("Plaintiff"), Defendants David M. Goldenberg, Cynthia L. Sullivan, Arthur S. Kirsch, Brian A. Markison, Mary E. Paetzold, Don C. Stark, and Peter P. Pfreundschuh (collectively, the "Individual Defendants"), and Nominal Defendant Immunomedics, Inc. (together with the Individual Defendants, the "Defendants"), through their respective counsel, allege as follows:

WHEREAS, on June 19, 2020, Plaintiff filed this purported derivative action that makes claims on behalf of Nominal Defendant Immunomedics, Inc. against the Individual Defendants for breach of fiduciary duty, unjust enrichment, waste of corporate assets, abuse of control, gross mismanagement, and contribution (the "Derivative Action");

WHEREAS, at the time of filing the Derivative Action, a related federal securities putative class action, making claims for violations of federal securities laws, has been pending since June

9, 2016 against Defendants Immunomedics, Inc., Cynthia L. Sullivan, Peter P. Pfreundschuh, and David Goldenberg in the United States District Court for the District of New Jersey, captioned *Fergus v. Immunomedics, Inc., et al.*, Case No. 2:16-cv-03335-KSH-CLW (the "NJ Federal Securities Class Action");

WHEREAS, the Parties have met and conferred regarding how best to proceed in the instant Derivative Action in light of the Derivative Action being substantially related to the NJ Federal Securities Class Action because, among other things, they contain many overlapping allegations and name three of the same Individual Defendants;

WHEREAS, the Parties agree that the outcome of the NJ Federal Securities Class Action may help inform the manner in which the Derivative Action will proceed; and

WHEREAS, the Parties agree that it would promote judicial economy and conserve the resources of the Parties and this Court to stay all proceedings and deadlines in the Derivative Action pending the resolution of the NJ Federal Securities Class Action, whether by dismissal or entry of final judgment;

IT IS HEREBY STIPULATED AND AGREED by the Parties, through their undersigned counsel, subject to the approval of the Court, that:

1. Defendants accept service of the summons and complaint in the Derivative Action;

2. The Derivative Action shall be stayed for all purposes through and including thirty (30) days after resolution of the NJ Federal Securities Class Action. Counsel for Defendants will notify counsel for Plaintiff within five (5) days of such a resolution;

3. Defendants' time to answer, move, or otherwise respond to the complaint in the Derivative Action is extended thirty (30) days after the stay is lifted;

4. Subject to applicable federal and local rules, Plaintiff and Defendants otherwise reserve all rights to move to the lift the stay upon thirty (30) days written notice to the non-moving Part[ies], provided that the non-moving Part[ies] may thereafter make a motion to maintain the stay;

5. Defendants reserve all rights to assert any and all defenses in this matter and shall not be deemed to have waived any defenses, including but not limited to jurisdictional defenses, by virtue of agreeing to the stay;

6. During the pendency of the stay, the Parties shall notify each other of any related derivative lawsuits of which they become aware. Defendants must further promptly notify Plaintiff if the plaintiff in any such related derivative action does not agree to stay the litigation through the resolution of the NJ Federal Securities Class Action;

7. If discovery commences in the NJ Federal Securities Class Action, and/or any related derivative action, or if documents are produced to a shareholder that makes a books and records demand about the subject matter related to the Derivative Action, Plaintiff shall be afforded the opportunity to promptly receive the discovery, including documents, generated therein. Plaintiff agrees to enter into an appropriate confidentiality agreement or stipulated confidentiality order in the Derivative Action governing the treatment of discovery provided therefrom;

8. If settlement discussions or mediation is conducted in the NJ Federal Securities Class Action, or any related derivative action, Defendants will in good faith endeavor to include Plaintiff. In the event that lead plaintiff in the NJ Federal Securities Class Action objects to including Plaintiff in settlement discussions or a mediation that is conducted in the NJ Federal Securities Class Action, Defendants will mediate with Plaintiff at or about the same time. In the event that the plaintiff in any related derivative action objects to including Plaintiff in settlement

discussions or a mediation that is conducted in such related derivative action, Defendants will mediate with Plaintiff at or about the same time.

9. Defendants will include Plaintiff in any negotiations about settlement of any of the claims made by Plaintiff.

10. Notwithstanding the stipulated stay, Plaintiff may amend his complaint during the pendency of the stay, the filing of an amended complaint or any amendments thereto shall not, however, operate to lift the stay, and Defendants have no obligation to respond to any amended complaint during the pendency of the stay;

11. Within thirty (30) days of the date after the resolution of the NJ Federal Securities Class Action, the Parties shall:

    a. Meet and confer regarding the impact of such resolution on this Derivative Action; and

    b. Submit a proposed scheduling order or any other applicable order to this Court for the orderly disposition of the Derivative Action.

Dated: July 10, 2020

By: _/s/ Brian E. Farnan_
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 N. Market St., 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiff*

By: _/s/ John L. Reed_
John L. Reed (#3023)
DLA PIPER LLP (US)
1201 North Market Street, Suite 2100
Wilmington, DE 19801
Telephone:	(302) 468-5635
Facsimile:	(302) 397-2143
john.reed@dlapiper.com

*Attorneys for Defendants Arthur S. Kirsch,
Brian A. Markison, Mary E. Paetzold,
Don C. Stark, Peter P. Pfreundschuh, and
Nominal Defendant Immunomedics, Inc.*


By: _/s/ Albert H. Manwaring, IV_
Albert H. Manwaring, IV (#4339)
Kirsten A. Zeberkiewicz (#4537)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE  19899-2306
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
amanwaring@morrisjames.com
kzeberkiewicz@morrisjames.com

*Attorneys for Defendants
David M. Goldenberg and Cynthia L. Sullivan*


SO ORDERED, this __ day of July, 2020.

_____
The Honorable Maryellen Noreika